OPINION
{¶ 1} Appellant, Lora Baker, appeals the decision of the Brown County Court of Common Pleas, Domestic Relations Division, to grant visitation to her child's paternal grandmother, appellee, Janet Stephens.
 {¶ 2} In 1998, appellant and the child's father, Kevin Baker ("the father"), were nearing the completion of their divorce proceedings. Stephens filed a motion to intervene and request for visitation, pursuant to R.C. 3109.051. Appellant was awarded custody of the child, and no visitation was granted to the father. The child has multiple disabilities, including the need for breathing treatments. Appellant opposed any visitation by Stephens.
 {¶ 3} The trial court held a hearing on Stephens' visitation request and the magistrate issued a decision on September 9, 2000, granting Stephens visitation. The trial court overruled appellant's objections by entry on March 6, 2002. Appellant appeals the decision, setting forth the following assignment of error:
 {¶ 4} "The court erred when it granted visitation rights to a non-parent against the wishes of a parent because said decision was unconstitutional and was contrary to the ruling of the U.S. Supreme Court in Troxel v. Granville (2000)[,] 120 S.Ct. 2054."
 {¶ 5} Appellant argues that the visitation order was an infringement of her constitutional rights because the trial court considered her to be a fit parent and the order was against her wishes. Appellant emphasizes that her appeal centers on the U.S. Supreme Court decision in Troxel v. Granville (2000), 530 U.S. 57, 120 S.Ct. 2054.
 {¶ 6} The Troxel case involved the application of a Washington state nonparent visitation statute. The Washington statute essentially allowed any party to seek visitation at any time as long as the trial court found the visitation in the child's best interest.
 {¶ 7} To the extent that we interpret appellant's assignment to attack the constitutionality of R.C. 3109.051, we do not agree with appellant that the Ohio statute is unconstitutional.
 {¶ 8} We note that the Ohio statute is more narrowly drawn and can be given a more narrow construction than the Washington state visitation statute. See Troxel at 73-75; Epps v. Epps (Aug. 9, 2001), Ashland App. No. 01COA01403; Fischer v. Wright, Coshocton App. Nos. 00-CA-028, 01-CA-003, 2001-Ohio-1900. Specifically, R.C. 3019.051 permits the consideration of a motion to the court for nonparent visitation only upon a precipitating event, such as a divorce. R.C. 3109.051(B)(2) (or filed after such event with a change of circumstances). The statute requires the petitioning party to be related to the child or show the court the party has an interest in the welfare of the child. R.C. 3109.051(B)(1). Further, the statute requires the trial court to consider more than 15 factors in determining whether such visitation is in the best interest of the child. R.C 3109.051(D).[1] Those factors include the nonparent's prior relationship with the child, the child's and parent's available time, the health and safety of the child, and the mental and physical health of all parties. R.C. 3109.051(D)(1),(3),(7),(9). Therefore, we disagree with appellant's assertion that R.C. 3109.051 exhibits the same infirmities the Troxel court found in the Washington nonparent statute.
 {¶ 9} The next issue is whether R.C. 3109.051 was unconstitutional as applied to appellant, because it infringed on her fundamental parental right to make decisions concerning her child.
 {¶ 10} There is a presumption that a fit parent acts in the best interests of her children and a fit parent's decision regarding visitation should be afforded great deference. Epps v. Epps, Ashland App. No. 01COA01403, explaining Troxel v. Granville. A fit parent's decision must be given special weight and the manner in which a statutory standard is applied with a visitation statute must not unconstitutionally infringe upon a parent's right to make decisions regarding the care, custody and control of her children. Id.
 {¶ 11} The Troxel court stated that "[t]he problem here is not that the Washington Superior Court intervened, but that when it did so, it gave no special weight at all to [the mother's] determination of her daughters' best interests." Troxel at 69.
 {¶ 12} We note that the trial court in the instant case discussed the Troxel ruling in its decision. The trial court explicitly stated that appellant was a fit parent and that it presumed that appellant was acting in the best interests of her child.
 {¶ 13} Appellant told the trial court that she did not want Stephens to have visitation with her child because she had concerns about Stephens. Appellant's concerns included allegations that Stephens would allow the child's father to visit the child in Stephens' home, that domestic violence incidents had occurred in the home previously, and that Stephens was not willing or not able to attend to the needs of appellant's child.
 {¶ 14} The trial court noted that Stephens had testified that she helped care for the child since his birth and was involved for the first two and one-half years of the child's life. The visits that were occurring between Stephens and the child reportedly stopped at the time of the divorce proceedings.
 {¶ 15} Stephens told the trial court that she had administered breathing treatments for the child when she previously cared for him. Stephens outlined the procedures she had and would implement to accommodate the child's special needs. The trial court found that Stephens demonstrated at trial that she had or would remedy the concerns expressed by appellant.
 {¶ 16} After reviewing the evidence presented, the trial court held that visits with Stephens would be in the best interest of the child. While the trial court did not specifically use the words "special weight," it is clear from the record that the trial court accorded special weight or due deference to appellant's determination for her child, even though the result was contrary to appellant's wishes.
 {¶ 17} The trial court, in making its decision, properly and narrowly applied the statutory factors. Further, the trial court followed the Troxel case by placing the burden of proof on Stephens, and giving special weight to appellant's determination of best interests. SeeTroxel, 530 U.S. at 69; but, see, Oliver v. Feldner, 149 Ohio App.3d 114,2002-Ohio-3209.
 {¶ 18} Accordingly, we find that the trial court did not err in its application of the statute. The trial court's decision was not contrary to the ruling in Troxel v. Granville and did not infringe on appellant's constitutional rights. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.
[1] R.C. 3109.051 was amended in 2001 to include 16 factors for the trial court to consider.